# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-24-00175-CV

## In re Gary Wayne Inmon

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## O P I N I O N

We withdraw our previous opinion issued on July 18, 2024, and substitute the following opinion in its place. We deny relator's motion for rehearing.

Relator Gary Wayne Inmon has filed a petition for writ of habeas corpus challenging the trial court's February 2024 Order of Enforcement by Contempt and Suspension of Commitment, in which the trial court found Inmon guilty of violating the trial court's November 2022 Order in Suit to Modify Parent-Child Relationship. *See* Tex. Gov't Code § 22.221(d); Tex. R. App. P. 52.1. In an original proceeding, the relator bears the burden of providing this Court with a sufficient record to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also In re Norvell*, 610 S.W.3d 598, 600 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam) ("[I]t is fundamental that the court have a proper record before reaching the merits.").

In this case, Inmon has failed to comply with certain procedural requirements of Texas Rule of Appellate Procedure 52. First, Inmon has not certified "that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."[1] *See* Tex. R. App. P. 52.3(j). Second, Inmon has not provided (1) "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," *id.* R. 52.3(k)(1) (establishing required contents of appendix), and (2) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding,"[2] *id.* R. 52.7(a)(1) (establishing required contents of record). Third, Inmon has not provided "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *Id.* R. 52.7(a)(2).

Inmon's request for habeas relief requires this Court to analyze the proceedings underlying both the trial court's February 2024 Order and the November 2022 Order. Among other documents material to his claim for relief, Inmon failed to provide the initial divorce decree, any subsequent orders modifying the decree, the motions underlying the November 2022 Order,

---

[1] Relator's certification "that the factual statements contained in the attached petition are true and correct and based on the record and proceedings in the underlying case" fails to certify that he has "concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record," as required by Rule 52.3(j).

[2] Relator's certification "that Appendixes 1-13 are true and correct copies of the relevant pleadings, transcripts and materials before the trial court related to the ruling on which Relator seeks review by writ of habeas corpus" does not suffice to meet the requirement of providing copies supported by a sworn declaration or that are certified by the trial court's clerk. Likewise, it does not satisfy the criteria established by the Texas Legislature for making an unsworn declaration that may be used in lieu of a written sworn declaration. *See* Tex. Civ. Prac. & Rem. Code § 132.001.

and authenticated transcripts of relevant testimony from the proceedings underlying the November 2022 Order and the February 2024 Order, including any exhibits offered in evidence. *See id.* R. 52.3(k)(1)(A); *id.* R. 52.7(a). Having reviewed the petition and the record provided, we deny the petition for writ of habeas corpus. *See id.* R. 52.8(a). We lift our stay of the trial court's February 2024 Order of Enforcement by Contempt and Suspension of Commitment.

Subsequent to the Court's issuance of its July 18, 2024 opinion denying his petition and lifting the stay, Inmon filed a motion for rehearing and an amended petition for writ of habeas corpus. Inmon failed to resolve the issues identified above. Most importantly, he failed to provide any of the documents that the Court identified as material to his claim for relief. Therefore, the Court denies Inmon's motion for rehearing and his amended petition for writ of habeas corpus.

_____

Gisela D. Triana, Justice


Before Chief Justice Byrne, Justices Triana and Theofanis

Filed:   September 13, 2024

3